## THE WESTCHESTER (two cases).

## THE PUTNAM.

(Circuit Court of Appeals, Second Circuit. November 19, 1926.)

### Nos. 55–57.

Towage ⇐15(I)—Survey specifically describing injuries to barge at one place will not support award of damages under libel for injury at different place.

Where libel for grounding of barge alleged grounding at one place, and evidence of damages was a survey specifically describing injuries received at another place, award of damages will not be allowed.

Appeals from the District Court of the United States for the Eastern District of New York.

Separate libels by the Edward G. Murray Lighterage & Transportation Company and by the Murray Transportation Company against the steamship Westchester, her engines, etc., and by the Edward G. Murray Lighterage & Transportation Company against the steamship Putnam, her engines, etc., the New York Canal & Great Lakes Corporation, claimant in each case. Decree for libelant in each case, and claimant appeals. Decree in first case affirmed; in second case, modified and affirmed; in third case, reversed and remanded, with directions.

Stanley & Gidley, of Buffalo, N. Y. (Ray M. Stanley and Ellis H. Gidley, both of Buffalo, N. Y., of counsel), for appellant.

Foley & Martin, of New York City (William J. Martin, of New York City, of counsel), for appellees.

Before HOUGH, MANTON, and HAND, Circuit Judges.

PER CURIAM. These cases, having been tried and argued upon appeal together, will be disposed of in one memorandum.

Libelants ask damages for negligent stranding and/or collision while their barges were in tow of one of the vessels proceeded against and engaged in navigating either the Barge Canal or the upper waters of the Hudson river. On the merits of the collisions and/or strandings complained of, we think no comment is necessary. Some of the assessments of damage seems to us to require correction.

The first case, that of the Emma L. Murray, arose from a stranding of the tow near Esopus, N. Y. We discover no error in this case, and the decree is affirmed, with interest and costs.

The second case, relating to damages to the barges Matie E. Murray and Emma L. Murray, arose thus: In a long tandem tow the Emma L. Murray was behind the Matie E. Murray, and the latter barge was behind boat No. 225. The tug grounded and stopped, whereupon the Emma L. ran into the stern of the Matie, and the latter vessel into the stern of No. 225. Her bumper log protected the Matie's stern, but the bows of both libelant's vessels were injured.

We do not regard it as proven that the bottom of the Matie E. Murray was in any way injured as a result of this collision. No. 225 did ground, but the Matie E. Murray was so closely fastened astern that we think she could not and did not injure her bottom. Yet most of the damage allowed for was to the Matie E. Murray's bottom, and this must be disallowed.

The decree in this case is therefore modified, by striking out from the recovery all costs arising from damage to the bottom planks of the Matie E. Murray, and the matter is remitted to the District Court, to ascertain the proper deductions to be made, if the same are not agreed upon. After such deductions are made, the decree will be affirmed, with interest, but without costs of this court.

The third case seeks damages for the grounding of libelant's barge Dudley Murray while in tow of the Putnam upon the Barge Canal in the vicinity of Little Falls, N. Y. It was admitted and alleged in and by the answer that at a point east of Herkimer, N. Y., and therefore several miles from the place of stranding alleged in the libel, the barge did take the ground, but any stranding near Little Falls was denied.

As the result of trial, libelant was entitled to recover for injuries received in the neighborhood of Little Falls, and nothing else. But the only evidence to support the award of damages finally made is a survey which specifically describes injuries received, not at Little Falls, but east of Herkimer. On this record, the decree cannot, therefore, stand, and it is reversed, with the costs of this court, and the case remitted to the District Court, with instructions to permit libelant to adduce evidence, if it can, as to the cost of repairing damages received near Little Falls and nowhere else.

The costs below will be adjusted by the District Court on the coming in of a new assessment of damages and the entry of a new decree not inconsistent with this opinion.